UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVE OWENS,

        Petitioner,

v.                                 Case No. 05-C-1002

STATE OF WISCONSIN,

        Respondent.

**ORDER**

On September 19, 2005, Steve Owens filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Door County Circuit Court of first degree intentional homicide and was sentenced to life imprisonment. He is currently incarcerated at the Wisconsin Resource Center.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

28 U.S.C. § 2254(d) provides that habeas relief shall not be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Petitioner makes three attempts to meet this standard. Petitioner first claims that he is entitled to federal habeas relief because the prosecution failed to disclose evidence favorable to the defense. Although it is not entirely clear from his petition, it appears petitioner is also claiming that his appellate attorney was ineffective in failing to press the issue of self-defense and raise the issue in the Wisconsin Court of Appeals or Supreme Court. Both claims state colorable grounds for relief under § 2254. A prosecutor's failure to disclose exculpatory evidence can violate a defendant's right to due process. *Brady v. Maryland*, 373 U.S. 83 (1963). And ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, petitioner will be permitted to proceed on these claims. Petitioner also alleges that a jury member took his notes home and brought unauthorized documents into the jury room. The due process clause of the Fourteenth Amendment entitles a state criminal defendant to an impartial jury, *Morgan v. Illinois*, 504 U.S. 719, 726 (1992), which is to say a jury that determines guilt on the basis of the judge's instructions and the evidence introduced at trial, as distinct from preconceptions or other extraneous sources of decision. *Patton v. Yount*, 467 U.S. 1025, 1037 n. 12 (1984). Thus, this allegation also states a claim that is at least colorable under federal law.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims.

2

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). Here, petitioner unsuccessfully appealed to the Wisconsin Court of Appeals and the Wisconsin Supreme Court before filing his petition. However, it is unclear from the record before me whether he has fully exhausted any of the claims he has raised in his petition. Accordingly, this issue will await the custodian's response to the petition. For now, petitioner will be allowed to proceed on all three of the claims raised in his petition.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this __3rd__ day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge